E-FILED
Wednesday, 12 September, 2018  11:13:23 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JEREMY LAYMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cv-1269 |
| CITY OF PEORIA, ILLINOIS, | ) ) ) |
| Defendant. | ) |

## ORDER & OPINION

This matter is before the Court on Defendant's Rule 12(b)(1) Motion to Dismiss Plaintiff's Complaint. (Doc. 5). Plaintiff Jeremy Layman, formerly a police officer employed by the City of Peoria, seeks a declaration from this Court that his statements alleged to be the City's reason for firing him are protected by the First Amendment of the United States Constitution, as incorporated against the City by the Fourteenth Amendment. (Doc. 1 at 1–4). Plaintiff, in a document styled "Response to Defendant's Rule 12(b)(6) Dismissal Motion," opposes dismissal. (Doc. 7). As an initial matter, Defendant has filed a motion seeking dismissal under Fed. R. Civ. P. 12(b)(1), not Fed. R. Civ. P. 12(b)(6) as suggested by Plaintiff's response. (Doc. 5 at 1–2). Rule 12(b)(1) allows a party to seek dismissal for lack of subject-matter jurisdiction.

Defendant claims "Plaintiff has not asserted any independent basis for federal jurisdiction." (Doc. 5 at 2). The motion is therefore a facial rather than a factual challenge to jurisdiction. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). "In reviewing a facial challenge, the court must accept all

well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). The plaintiff "bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586. 588–89 (7th Cir. 2014).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *United States v. Alkaramla*, 872 F.3d 532, 534 (7th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Whether a case falls within the limited jurisdiction of the federal courts is both a constitutional and a statutory question. "[T]he Constitution imposes a ceiling, albeit a high one, on the potential jurisdiction of the federal courts" because it "permits federal courts to hear only certain claims." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280–81 (7th Cir. 2009); *see also* U.S. Const. art. III, § 2, cl. 1. Congress has the authority "to further refine the actual scope of federal jurisdiction" because federal jurisdiction must be exercised pursuant to a statutory grant. *Id*. Thus both the Constitution and federal statutory law "must authorize a federal court to hear a given type of case" for federal jurisdiction to lie. *Id.* at 280.

The core contention of Defendant's motion to dismiss is that Plaintiff has not properly alleged federal statutory law grants this Court jurisdiction to hear his claim. (Doc. 5 at 1–2). Plaintiff claims this Court has jurisdiction under 28 U.S.C. § 2201(a), the Declaratory Judgment Act. (Doc. 1 at 1). But it is long settled that in passing the Act, "Congress enlarged the range of remedies available in the federal courts but did

not extend their jurisdiction." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Because the Declaratory Judgment Act "is not an independent grant of jurisdiction," even where a plaintiff seeks declaratory judgment "jurisdiction must be predicated on some other statute." *Rueth v. EPA*, 13 F.3d 227, 231 (7th Cir. 1993).

Plaintiff does not cite any statute which could grant jurisdiction in his complaint. (Doc. 1 at 1). This defect is not, by itself, fatal if "the facts alleged are sufficient to support such jurisdiction." *See Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 70 n.14 (1978). Plaintiff's allegation in the Complaint that the statements at issue are protected speech under the First Amendment, (Doc. 1 at 2–3), leads the Court to conclude federal question jurisdiction, under 28 U.S.C. § 1331, is the most likely basis for jurisdiction in this case.

28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." For the purposes of § 1331, "[a] case arises under federal law if 'a well-pleaded complaint established either that federal law creates the cause of action or that the plaintiff's right to relief [in a state law cause of action] necessarily depends on a resolution of a substantial question of federal law.'" *Trs. of the Carpenters' Health and Welfare Tr. Fund of St. Louis v. Darr*, 694 F.3d 803, 806 (7th Cir. 2012) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)). If federal question jurisdiction exists in this case, it would lie under the first branch, where "plaintiffs plead[] a cause of action created by federal law (*e.g.*, claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

Applying the "well-pleaded complaint" test to declaratory judgment actions requires the Court determine whether federal question jurisdiction would lie in an action seeking remedies other than declaratory judgment filed between the parties concerning the same issue. *Cook Cty. Republican Party v. Sapone*, 870 F.3d 709, 711–12 (7th Cir. 2017); *Skelly Oil Co.*, 339 U.S. at 672. Here, Plaintiff could have filed a non-declaratory action against Defendant under 42 U.S.C. § 1983. *See generally Kristofek v. Orland Hills*, 832 F.3d 785 (7th Cir. 2016) (discussing a First Amendment retaliation claim by a police officer against both a municipality and the firing official). Because this Court would undoubtedly have jurisdiction over this issue had it been brought as a 42 U.S.C. § 1983 action for damages, jurisdiction lies under 28 U.S.C. § 1331 over the declaratory action as well. Therefore, Defendant's Motion to Dismiss must be denied.

However, it remains unclear whether Plaintiff has presented an Article III case or controversy as is constitutionally required for this Court to exercise jurisdiction. The Complaint provides: "Whether or not Plaintiff's termination will withstand review is yet to be determined by a labor arbitrator selected by the parties." (Doc. 1 at 3). This posture throws into question whether the case is ripe, and ripeness implicates this Court's jurisdiction under Article III. *Metro. Wash. Airports Auth. v. Citizens for Abatement of Aircraft Noise, Inc.*, 501 U.S. 252, 265 n.13. (1991) (the Court must address ripeness even where neither party raises it); *Cent. States, Se. and Sw. Areas Health & Welfare Fund by Bunte v. Am. Int'l Grp., Inc.*, 840 F.3d 448, 451–52 (7th Cir. 2016) (discussing ripeness as an Article III requirement in declaratory judgment cases). Therefore, the Court directs the parties to brief the issue of ripeness

to aid the Court's determination of whether an Article III case or controversy has been presented.

## CONCLUSION

For the reasons stated, Defendant's Rule 12(b)(1) Motion to Dismiss Plaintiff's Complaint (Doc. 5) is DENIED. IT IS ORDERED that the parties shall have fourteen (14) days from the date of this order to file Memoranda of Law not to exceed ten pages addressing the issue of ripeness.

SO ORDERED.

Entered this 12th day of September, 2018.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge