UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JEREMY LAYMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:18-cv-1269 |
| CITY OF PEORIA, ILLINOIS, | ) ) | |
| Defendant. | ) ) | |

## ORDER & OPINION

The Court sua sponte raised the issue of ripeness in its Order & Opinion on Defendant's motion to dismiss. (Doc. 8 at 4–5). The Court was concerned that planned, but not commenced, arbitration proceedings would in effect render an opinion on declaratory judgment in this case advisory. The parties were directed to brief the issue of ripeness within fourteen days from that order, but only Plaintiff did so. (Doc. 8 at 4–5; Doc. 9). As the Court noted, a case must be ripe for constitutional jurisdiction to lie; therefore, this Court must consider ripeness whether or not the issue is raised by the parties. *Metro. Wash. Airports Auth. v. Citizens for Abatement of Aircraft Noise, Inc.*, 501 U.S. 252, 265 n.13 (1991).

"Before granting declaratory relief, the court 'should be particularly vigilant to make certain the case is ripe.'" *Basic v. Fitzroy Eng'g., Ltd.*, No. 97-1052, 1997 WL 753336, at *4 (7th Cir. Dec. 4, 1997) (quoting *Tobin v. City of Peoria, Ill.*, 939 F. Supp. 628, 634 (C.D. Ill. 1996)). While "[t]he inquiry into ripeness is made more complicated when suit is brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, and hence seeks preemptive relief" a case seeking declaratory judgment "does not vitiate

the constitutional requirement" of ripeness. *Wisconsin Cent., Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008). In the context of declaratory judgment actions, "[a] suit is ripe when 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Cent. States, Se. and Sw. Areas Health & Welfare Fund by Bunte v. Am. Int'l Grp., Inc.*, 840 F.3d 448, 451 (7th Cir. 2016) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

There appears to be a substantial controversy between parties having adverse legal interests in this case. Plaintiff believes the statements for which he was allegedly fired were protected by the First Amendment, as incorporated through the Fourteenth Amendment. (Doc. 1 at 3). Defendant has filed only a motion to dismiss on subject-matter jurisdiction grounds and did not file a memorandum on the issue of ripeness as the Court directed, so Defendant's position on whether the statements were protected is unknown. The Court will assume, for the purposes of the present order, that Defendant would not have fired Plaintiff for statements it believed to be protected under the First Amendment. Under that assumption, the parties have a substantial controversy and adverse legal interests.

To determine whether there is "sufficient immediacy and reality," the Seventh Circuit looks to the two-pronged test from *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967): "ripeness determinations depend on the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Wisconsin Cent., Ltd.*, 539 F.3d at 759 (citations and internal quotation marks

2

omitted). Issues are fit for consideration where they are either purely legal or the record is sufficiently developed to allow a case-by-case analysis. *Id.* at 759–60. The inquiry into hardship requires that "a decision on [the] declaratory judgment complaint would resolve some present hardship." *Rock Energy Co-op v. Village of Rockton*, 614 F.3d 745, 749 (2010).[1]

The Court finds the issues are fit for consideration. At this phase in the litigation, the Court presumes all well-pleaded factual allegations to be true and views them in the light most favorable to Plaintiff. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). The Complaint alleges specific statements were the reason Plaintiff was fired, and those statements, being in written form, create an indisputable record on which the case can be decided.

The present hardship prong is also satisfied. Plaintiff has been fired. And while labor arbitration could redress this issue, a declaration from this Court that Plaintiff's statements were protected under the First Amendment would no doubt impact the scope of arbitration and likely its outcome. *C.f. Cent. Hudson Gas & Electric Corp. v. Benjamin F. Shaw Co.*, 465 F. Supp. 331, 333 (S.D.N.Y. 1978) (declaratory judgment obviates "time and expense arbitrating unnecessary issues.").

The Court therefore believes its earlier concerns about the pending arbitration proceedings do not implicate the ripeness of this case. This Court may properly exercise jurisdiction over the case.

---

[1] The Court notes this test is typically used for pre-enforcement challenges. *Id.* However, the considerations serve in the present case to examine the question of whether harm is sufficiently immediate where some harm has occurred, but may be fully redressed by arbitration proceedings.

However, under the Declaratory Judgment Act, the Court is not obligated to hear the case. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) ("[T]he Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."). The Court remains concerned about the propriety of issuing a declaratory judgment in this case given that: labor arbitration under a statutorily required contractual arbitration provision, could resolve the controversy; the parties have not made clear whether the First Amendment question will be an issue in the arbitration; Plaintiff has already suffered harm so any declaratory judgment would be retrospective; and if a coercive action were to be brought on this issue between the parties, Plaintiff would remain the plaintiff and Defendant the defendant. "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent on that court to proceed to the merits before staying or dismissing the action." *Id.* at 288 (noting the alternative would be "a wasteful expenditure of judicial resources.").

Both parties are therefore directed to file a memorandum by the end of day on October 18, fourteen days from the date of this Order, indicating its position on whether this Court should hear Plaintiff's declaratory judgment action. The Court will treat the failure to file a memorandum on this topic as lack of opposition to the position adverse to the non-filing party. *See* CDIL-LR 7.1(B)(2). The memoranda should not exceed twelve pages. The Court would appreciate, in addition to any other arguments the parties wish to make, the parties' positions on whether issuing a declaratory judgment in this case would accord with the goals of the Declaratory

4

Judgment Act, *see, e.g., Med. Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 377 (7th Cir. 2010); how factors other courts have used in determining whether to hear declaratory judgment cases apply in this case, *e.g., NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 579 (7th Cir. 1994); *Field v. Hous. Auth. of Cook Cty.*, No. 17-cv-02044, 2018 WL 3831513, at *10 (N.D. Ill. Aug. 13, 2018); *Med. Assur. Co., Inc.*, 610 F.3d at 379; and any information about the pending arbitration proceedings the parties believe to be relevant to the Court's determination.

## Conclusion

For the reasons stated, the Court finds this case ripe on the basis of the current record. The parties shall have fourteen (14) days from the date of this Order, until and including October 18, 2018, to file Memoranda of Law not exceeding twelve (12) pages addressing whether this Court should exercise its discretion to hear this case. Failure to file a memorandum will be treated as lack of opposition to the position adverse to the non-filing party.

SO ORDERED.

Entered this 4th day of October, 2018.

s/Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge